UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1580 DSD/SRN

| | |
|---|---|
| DAVID C. LARSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>U.S. DEPARTMENT OF JUSTICE, and<br>FEDERAL BUREAU OF PRISONS,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE** |

## INTRODUCTION

The United States has moved in limine to exclude all evidence relating to any delay in the surgery on Larson's left shoulder. This would include all pain and suffering attendant to the alleged delay. The Court should exclude this evidence for several reasons.

## DISCUSSION

Larson claims that his shoulder was injured in the fall. The BOP provided surgery to Larson in October 2000. Larson testified that the shoulder surgery was successful. Thus, apart from any general damages attributed both to having to undergo surgery, Larson cannot recover any damages for the injuries to his shoulder. Larson may claim that damages for the 341 day delay in providing the surgery. That claim, however, was raised and dismissed in his earlier lawsuit. Larson v. United States, Civil No. 02-4851 (DSD/SRN). In that case, the United States moved for a dismissal. Magistrate Judge Nelson recommended that the dismissal was prejudiced for two reasons. First, any FTCA action based on

medical malpractice was barred because Larson failed to comply with Minn. Stat. 145.682 regarding expert's affidavits. Secondly, any constitutional claim based on the delay was not cognizable against the United States on sovereign immunity grounds. This Court granted the motion to dismiss by order dated December 16, 2003. Claim preclusion prohibits re-litigating this issue.

In addition, Larson proffered no expert testimony to support any claim relating to the alleged delay in doing the shoulder surgery. Indeed, the only expert report Larson provided was from Dr. Eckman, one of Larson's treating doctors, dated June 16, 2003. That letter did not mention the shoulder injury at all. In the absence of expert testimony, Larson cannot prove any claim relating to the alleged delay in doing the surgery.

**CONCLUSION**

For these reasons, the Court should exclude all proffered evidence relating to any delay in providing the left shoulder surgery.

Date:May 21, 2004

THOMAS B. HEFFELFINGER
United States Attorney

s/Friedrich AP Siekert

BY: FRIEDRICH A. P. SIEKERT
Assistant U.S. Attorney
Attorney ID No. 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600