UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1580(DSD/SRN)

David C. Larson,

Plaintiff,

v. **ORDER**

United States of America,
U.S. Department of Justice
and Federal Bureau of Prisons,

Defendants.

James W. Balmer, Esq., Falsani, Balmer, Peterson, Quinn & Beyer, 306 West Superior Street, Suite 1200, Duluth, MN 55802 and Matthew P. Bandt, Esq., Jardine, Logan & O'Brien, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, counsel for plaintiff.

Friedrich AP Siekert, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court upon plaintiff David C. Larson's "motion for hearing to present newly discovered evidence." Following a bench trial, this court issued its Findings of Fact and Conclusions of Law on April 14, 2005, granting judgment in favor of defendant United States. Dated April 30, 2005, Larson's motion states that critical new evidence warrants a "different ruling" or, in the alternative, a new trial. Because Larson's motion was not dated or filed within ten days after the entry of judgment, the court lacks jurisdiction to consider Larson's request as a motion for new trial pursuant to Fed. R. Civ. P. 59. See Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988). Rather,

the court understands Larson's request as a Rule 60(b)(2) motion for relief from judgment based on newly discovered evidence.

Because plaintiff filed notice of appeal subsequent to filing his Rule 60 motion, the court must first consider its jurisdiction. "'The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.'" Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (quoting Liddell v. Bd. of Educ., 73 F.3d 819, 822 (8th Cir. 1996)). However, an exception to this general principle exists for the district court's consideration of a Rule 60(b) motion. See id. at 475. If the court finds the motion without merit, it may deny the motion without encroaching upon the jurisdiction of the court of appeals. See id. at 475; Pioneer Ins. Co. v. Gelt, 558 F.2d 1303, 1312 (8th Cir. 1977). The court must therefore evaluate the merits of petitioner's motion.

Rule 60(b)(2) permits the court to relieve a party from a final judgment or order for reason of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "Rule 60(b) provides extraordinary relief in exceptional circumstances." Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003). To prevail under Rule 60(b)(2), Larson must show that (1) the new evidence was discovered after trial, (2) he exercised due diligence to discover the evidence before the trial ended, (3) the

new evidence is material and not merely cumulative or impeaching and (4) the evidence would probably produce a different result at a new trial. See Baxter Int'l, Inc. v. Morris, 11 F.3d 90, 92 (8th Cir. 1993). Larson has failed to show or even allege that exceptional circumstances warrant the relief he seeks. Further, he has not disclosed the nature of the alleged new evidence, when it was discovered or why he could not have discovered the evidence with due diligence in time to move for a new trial. For these reasons, Larson has failed to show that he may be entitled to Rule 60 relief or that a hearing is warranted. Therefore, the court must deny plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion [Docket No. 45] is denied.

Dated: May 16, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court