01-cv-1580 DSD/SRN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 05-2861

---

| | | |
|---|---|---|
| David C. Larson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

---

Submitted: August 2, 2006
Filed: August 18, 2006

---

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

---

PER CURIAM.

David Larson, appearing pro se, appeals the district court's[1] adverse judgment and denial of post-trial motions entered after a bench trial in this Federal Tort Claims Act action arising out of a slip-and-fall accident at the Federal Prison Camp in Duluth, Minnesota. Larson first challenges the denial of his post-trial motion for relief from judgment arguing he has new evidence he was not allowed to present at trial. However, Larson did not disclose the nature of any new evidence. Therefore, pursuant to Federal Rule of Civil Procedure 60(b)(2), the district court did not abuse

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

SCANNED
OCT 16 2006
U.S. DISTRICT COURT MPLS

its discretion by denying Larson's motion. See Sellars v. Minota, 350 F.3d 706, 716 (8th Cir. 2003).

Larson next challenges the district court's factual findings; however, Larson failed to provide a transcript on appeal or request one at government expense. Therefore, we cannot review the district court's factual findings or evidentiary rulings. See Fed. R. App. P. 10(b)(1) (appellant's duty to order transcript); Van Treese v. Blome, 7 F.3d 729, 729 (8th Cir. 1993) (per curiam); Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 386 (8th Cir. 1987) (per curiam). As his final challenge, Larson seeks reversal based on his counsel's performance in this civil case. Because there is no constitutional right to appointed counsel in a civil case, there is, of course, no constitutional right to effective assistance of counsel in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). Accordingly, we affirm. See 8th Cir. R. 47B.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans